**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| SARAH M. WOLF, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:14-cv-1605-WTL-TAB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on Defendant United States' motion entitled Motion to Dismiss or, in the alternative for Summary Judgment (Dkt. No. 16). The Plaintiff did not file a timely response to the motion.[1] The Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.    BACKGROUND

The facts set forth in the Plaintiff's verified Complaint (Dkt. No. 1-1) are as follow.

On or about September 12, 2012, Plaintiff Sarah Wolf had a contractor pour a hand stamped concrete sidewalk, porch steps, and landing at her residence. The Plaintiff's sidewalk was cordoned off at the entrance from the city sidewalk to warn the public against walking on the newly poured cement. During one of his deliveries, a United States Postal Service mail

---

[1] On February 25, 2015, the Defendant filed the instant motion to dismiss or, in the alternative, motion for summary judgment. The motion was accompanied by an affidavit stating that the appropriate Federal agency never received an administrative claim from the Plaintiff. On the same day, the Defendant sent the Plaintiff a notice regarding the right to respond to the alternative motion for summary judgment as required by Local Rule 56-1(k). Pursuant to Local Rule 56-1(b), the Plaintiff's response was due on March 30, 2015. On April 9, 2015, the Plaintiff filed a motion seeking a 30-day extension of time to file a response to the motion. Magistrate Judge Tim A. Baker denied the Plaintiff's motion for extension of time because it was not supported by good cause.

carrier named Scott walked through the Plaintiff's yard and, after admittedly kicking the newly poured concrete, stepped on the wet cement, causing damage to the cement that will require the cement to be removed and poured again.

On or about September 13, 2012, the Plaintiff delivered a letter to the local U.S. Postmaster reporting the incident and setting forth the cost of re-pouring the concrete. In response, the Postmaster and a staff member visited the Plaintiff's residence and took pictures of the damage to the sidewalk and the porch landing. As directed (presumably by the Postmaster, although the Complaint does not say), the Plaintiff mailed a Notice of Claim via U.S. mail on or about October 30, 2012; no response was received. The Plaintiff thus filed this suit pursuant to the Federal Tort Claims Act ("FTCA").

## II.     APPLICABLE STANDARD[2]

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue

---

[2] The Defendant purports to bring its motion pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6) or, in the alternative, Rule 56.  Because the Seventh Circuit does not treat the FTCA notice requirement as jurisdictional, the motion is not properly considered under Rule 12(b)(1), *Smoke Shop, LLC v. United States*, 761 F.3d 779, 782 n.1, and because the Defendant's argument depends upon an affidavit, it is not properly considered under Federal Rule of Civil Procedure 12(b)(6).  Accordingly, the Court has considered the alternative motion for summary judgment.

may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, Because the Plaintiff failed to respond to the Defendant's motion for summary judgment, the facts asserted by the Defendant in its motion are deemed admitted by the Plaintiff to the extent that they are supported by evidence in the record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (citations omitted). "However, a nonmovant's failure to respond to a summary judgment motion . . . does not, of course, automatically result in judgment for the movant." *Id.* (citations omitted). Rather, the Defendant must still demonstrate that it is entitled to judgment as a matter of law. *See id.*

### III.     DISCUSSION

The Defendant argues that the Plaintiff "failed to present an administrative tort claim to the Postal Service before filing this action, [and that] the statute of limitations codified at 28 U.S.C. § 2401(b) bars any claim, and her Complaint must therefore be dismissed." Dkt No. 17 at 1. The Court disagrees.

Because it is entitled to sovereign immunity, actions seeking monetary damages against the United States are prohibited except where the United States has waived its sovereign immunity. *See, e.g.*, *United States v. Testain*, 424 U.S. 392, 400 (1976). The FTCA is a limited waiver of sovereign immunity, authorizing those who are injured by the negligent acts of any employee of the government acting within the scope of official duties to file suit against the United States. *See* 28 U.S.C. § 1346(b); *LM ex rel. KM v. United States*, 344 F.3d 695, 698 (7th Cir. 2003).

Pursuant to the FTCA, claims for monetary relief against the United States are prohibited unless administrative remedies are exhausted first. *See* 28 U.S.C. § 2675(a) (stating a claimant

"shall have first presented the claim to the appropriate Federal agency"). Failure to exhaust administrative remedies prior to bringing suit under the FTCA mandates dismissal in favor of the United States, since exhaustion is a prerequisite to suit. *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012). The reason for the notice requirement in § 2675(a) is that "Congress decided that it wanted agencies to have a chance to settle damages claims before facing litigation." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 788 (7th Cir. 2014).

The Department of Justice has adopted regulations to determine what constitutes presenting a claim to satisfy the FTCA's notice requirement. 28 C.F.R. § 14.2(a). "Under this regulation a 'claim' has four elements: (i) notification of the incident; (ii) a demand for a sum certain; (iii) the title or capacity of the person signing; and (iv) evidence of this person's authority to represent the claimant." *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). The notice must put "the legally sophisticated reader on notice of a connection between the alleged injury and the specific conduct the plaintiff is asserting as a basis for the claim." *LeGrande v. United States*, 687 F.3d 800, 813 (7th Cir. 2012); *see also Palay v. United States*, 349 F.3d 418, 426-27 (7th Cir. 2003) (holding that an agency is notified properly of a claim if the claim would have been apparent to a "legally sophisticated reader"). Finally, mailing a claim is not enough; presentment requires receipt. *See Drazan v. United States*, 762 F.2d 56, 58 (7th Cir. 1985) ("[T]he district court was quite right to hold that mailing is not presenting; there must be receipt.").

The Defendant's argument in the instant motion depends upon its assertion that there is no evidence of record that the Plaintiff complied with the FTCA's notice requirement because there is no evidence that the Postal Service received a claim from her. In support, it offers the affidavit of William Lohrman, the Tort Claims Coordinator for the Greater Indiana District, who

4

states that the Greenfield Post Office never "received an administrative tort claim from Ms. Wolf . . . [and Mr. Lohrman has] never received an administrative tort claim from" her either. Dkt. No. 16-1 at 2. However, under the Postal Services regulations, presentment of an administrative tort claim happens when the Postal Service receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for the . . . loss." 39 C.F.R. § 912.5(a). "Claims should be filed with the Tort Claims Coordinator for the Postal Service District Office where the accident occurred, but may be filed at any office of the Postal Service . . . ." 39 C.F.R. § 912.4. Taking all of the facts alleged by the Plaintiff in her verified complaint[3] as true and drawing all reasonable therefrom, there is, in fact, evidence of record sufficient to support a finding that the Plaintiff did put the appropriate agency on notice with the letter she delivered to her local Postmaster on September 13, 2012. She avers that her letter provided the requisite information: a description of the incident and the sum certain she was seeking as compensation.[4] She also avers facts sufficient to support a finding that the appropriate agency, the United States Post Office, received her letter; specifically, the fact that it conducted its own investigation by visiting her residence and taking pictures of the damage. Accordingly, the Defendant has not demonstrated that it is entitled to judgment as a matter of law.

### IV.   CONCLUSION

For the reasons set forth above, the Defendant's motion (Dkt. No. 16) is **DENIED**.

---

[3] A verified complaint is evidence for summary judgment purposes. *Ford v. Wilson*, 90 F.3d 245, 246-47 (7th Cir. 1996).

[4] Because she submitted the claim on her own behalf, the other two requirements do not appear to be applicable.

SO ORDERED: 6/30/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification